UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

FERMIN PEDRO RAMOS-RAMOS,
a/k/a Pedro Ramos, and LAURIE
ANN RAMOS,

       Defendants.
       _____/

File No. 1:07-CR-08

HON. ROBERT HOLMES BELL

**O P I N I O N**

Defendant Fermin Pedro Ramos-Ramos has been charged in an eight-count Second Superseding Indictment[1] with human trafficking and immigrations offenses. This matter is before the Court on Defendant's motion to dismiss the human trafficking counts (Counts 1-4) and the associated forfeiture count (Count 8). For the reasons that follow the Court will deny Defendant's motion to dismiss.

---

[1] Defendant's motion to dismiss addresses the sufficiency of the Superseding Indictment. Subsequent to the filing of Defendant's motion the grand jury issued a Second Superseding Indictment. The Second Superseding Indictment charges substantially the same violations, but alters some of the charging language and the statutory citations. The Court will consider the motion to dismiss as it applies to the Second Superseding Indictment.

**I.**

The five counts of the indictment that are the subject of Defendant's motion charge the following criminal activity:  Count 1,  forced labor including aggravated sexual abuse, 18 U.S.C. § 1589; Count 2, involuntary servitude including aggravated sexual abuse, 18 U.S.C. § 1584; Count 3, trafficking into forced labor and involuntary servitude including aggravated sexual abuse, 18 U.S.C. § 1590; Count 4, document servitude, 18 U.S.C. § 1592; and Count 8, forfeiture, 18 U.S.C. § 1594(b), (c).  Defendant moves to dismiss these counts pursuant to the Fifth and Sixth Amendments to the United States Constitution on the grounds of insufficient notice, duplicity and vagueness.

The constitutional rights implicated by Defendant's motion are the right "to be informed of the nature and cause of the accusation," U.S. CONST. amend. VI, and the right to have all charges brought before a grand jury.  U.S. CONST. amend. V.  "In general, an indictment is constitutionally adequate if it 'contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (same). "Courts use a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989).  "An indictment is usually sufficient if it states the offense using

the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *Landham*, 251 F.3d at 1079 (citing *Hamling*, 418 U.S. at 117).

Counts 1-4 allege that between January 24, 2004, and September 2004 (August 2003 to September 2004 for Count 3) in Montcalm County (and "elsewhere" for Count 3), Defendant:

> did knowingly obtain the labor and services of a person, to wit: a young Mexican woman identified herein as "Jane Doe," by means of the threatened abuse of law and the legal process.

Count 1;

> did knowingly and willfully hold "Jane Doe" to involuntary servitude for a term.

Count 2;

> did knowingly recruit, harbor, transport and obtain a person, to wit: "Jane Doe," for unlawful labor and services.

Count 3; and

> did knowingly conceal, remove, confiscate, and possess the actual or purported passport, immigration documents, and government identification documents of "Jane Doe" (1) in the course of violating sections 1584, 1589, and 1590 of Title 18 of the United States Code, as charged in Counts One, Two and Three; and (2) to prevent and restrict, and to attempt to prevent and restrict, without lawful authority, "Jane Doe's" liberty to move and travel, in order to maintain the labor and services of "Jane Doe," when "Jane Doe" had been the victim of a severe form of trafficking in persons.

Count 4. Counts 1-3 further provide that

> Said conduct included the aggravated sexual abuse and attempted aggravated sexual abuse of "Jane Doe."

3

Counts 1-3.  Count 8 alleges that upon conviction of one or more of the offenses alleged in Counts 1-4, Defendant shall forfeit his interest in property used to facilitate the commission of the violations.

## A. Insufficient Notice

Defendant contends that Counts 1-4, the human trafficking counts, fail to adequately inform him of the offenses with which he is charged because they do not contain sufficient factual averments, and they suffer from duplicity.  Defendant does not deny that the language of the indictment tracks the statutory language.  Defendant notes, however, that Counts 1-3 do not allege any specific dates, other than an eight month period; they allege abuse of legal process but do not identify what legal process was involved; they allege "aggravated sexual abuse" but do not allege a single sexual act, much less what the sexual act was, what made it aggravated, or where, when or how often it occurred.  Defendant contends that more factual detail is required, particularly where, as here, Defendant is charged with an offense carrying a potential life sentence.[2]  Defendant contends that because Counts 4 and 8 incorporate and/or are dependent upon the allegations in Counts 1-3, they are deficient for the same reasons as Counts 1-3.

---

[2] The statutes that Defendant is charged with violating in Counts 1-3 all provide that "if the violation includes . . . aggravated sexual abuse or the attempt to commit aggravated sexual abuse . . . the defendant shall be fined under this title or imprisoned for any term of years or life, or both."  18 U.S.C. §§ 1584, 1589 & 1590.

4

The First Superseding Indictment did not allege any facts to support the allegation of "aggravated sexual abuse," other than by citation to 18 U.S.C. § 2241, a statute that defines aggravated sexual abuse by reference to several different kinds of conduct, including force, threat, and administration of drugs or intoxicants. In *United States v. Crowley*, 79 F. Supp. 2d 138, 159 (E.D.N.Y. 1999), *rev'd on other grounds*, 236 F.3d 104 (2d Cir. 2000), the court held that an indictment alleging aggravated sexual abuse and sexual abuse in violation of 18 U.S.C. §§ 2241 and 2242 violated the Fifth Amendment's Grand Jury clause where it failed to set forth the specific facts alleged to constitute the proscribed sexual act. *Id.* at 153. The court noted that a "sexual act" is the most essential element of the crimes charged, and that because there are four separate and distinct types of sexual acts described in 18 U.S.C. § 2246(2), the precise identification of the specific actions alleged to constitute the charged "sexual act" was vital to a determination of a defendant's guilt. *Id.* at 159.

Similarly, in *United States v. Awan*, 459 F. Supp. 2d 167 (E.D. N.Y. 2006), the court dismissed counts of an indictment that alleged that the defendant provided "material support" for acts of terrorism, without further description. The court noted that although the indictment tracked the language of the statute, that was not sufficient where the statute defined "material support" as any of several different enumerated types of conduct. *Id.* at 174-75.[3]

---

[3]Defendant does not assert that the indictment fails to charge each element of the offense, as was the case in *United States v. Hathaway*, 318 F.3d 1001 (10th Cir. 2003), another case cited by Defendant.

Defendant's concerns with respect to the aggravated sexual abuse allegations have been addressed by the Second Superseding Indictment's inclusion of more specific statutory citations. The Second Superseding Indictment's citation to 18 U.S.C. § 2246(2)(A) limits "sexual act" to "contact between the penis and the vulva or the penis and the anus," and its citation to l8 U.S.C. § 2241(b)(1) limits the "aggravating" conduct to engaging in a sexual act with another person after knowingly rendering that other person unconscious. Thus, in contrast to *Crowley*, the Second Superseding Indictment insures that the grand jury considered the same conduct that will be presented to the jury at trial. The Court is satisfied that the more specific statutory references in the Second Superseding Indictment are sufficient to place Defendant on notice of the specific conduct alleged to constitute "aggravated sexual abuse," and ensure that a conviction is not secured on the basis of facts not considered by the grand jury that indicted him. *See Russell v. United States*, 369 U.S. 749, 770 (1962).

The Second Superseding Indictment does not, however, address Defendant's concerns regarding the lack of allegations as to when, where, or how often the alleged aggravated sexual abuse occurred. Upon review the Court does not find that these omissions render the indictment constitutionally deficient.

The Sixth Circuit has held that "fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements." *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005). The court noted that "prosecutors should be as

specific as possible in delineating the dates and times of abuse offenses, but we must acknowledge the reality of situations where young child victims are involved." *Id.*

The indictment in this case describes Jane Doe as "a young Mexican woman," and an illegal alien who was held in involuntary servitude. It does not allege that "Jane Doe" was a child, or that she had a child's inability to recall dates and times of abuse offenses. Nevertheless, *Valentine* recognizes that practical realities often have an effect on the ability to charge specific dates. More importantly, the case law relied on in *Valentine* reaffirms that the test for the sufficiency of the indictment must focus on the defendant's ability to defend and to plead double jeopardy. *See*, *e.g.*, *Madden v. Tate*, No. 85-3061, 1987 WL 44909, *3 (6th Cir. Sept. 30, 1987) (reviewing state conviction) ("Failure to specify the precise dates upon which the alleged crimes occurred does not deprive the defendant of his constitutional right to due process where time is not of the essence of the offense and where the dates used are not picked arbitrarily."); *Fawcett v. Bablitch*, 962 F.2d 617, 619 (7th Cir. 1992) (noting, in context of reviewing sexual abuse charge covering a six month time frame, that *Hamling* requires court to examine indictment objectively: "did the charge enable an innocent accused to mount an adequate defense?").

In *Valentine* the court found the state charges to be unconstitutional where the petitioner had been convicted of forty separate incidents of sexual abuse, none of which was tied to a specific date. The court noted that "[t]he problem in this case is not the fact that the prosecution did not provide the defendant with exact times and places." *Id.* at 632. "If there

7

had been singular counts of each offense, the lack of particularity would not have presented the same problem." *Id.* The problem in *Valentine* was that because "the forty criminal counts were not anchored to forty distinguishable criminal offenses, Valentine had little ability to defend himself." *Id.* at 633. In contrast to *Valentine*, Defendant in this case has not been charged with multiple counts of the same offense. Defendant has been charged with only a single count of each offense. Accordingly, the lack of precise dates, locations, or numbers of occurrences of the alleged aggravated sexual abuse does not necessarily affect Defendant's ability to defend himself or to avoid double jeopardy.

**B. Duplicity**

Defendant contends that all of the counts at issue suffer from duplicity.

"An indictment is duplicitous if 'it joins in a single count two or more distinct and separate offenses.'" *United States v. Shumpert Hood*, 210 F.3d 660, 662-63 (6th Cir. 2000) (quoting *United States v. Robinson*, 651 F.2d 1188, 1194 (6th Cir. 1981)). "In determining whether there is duplicity or multiplicity [in an indictment] the decisive criteria are legislative intent and separate proof." *United States v. Damrah*, 412 F.3d 618, 622 (6th Cir. 2005) (quoting *United States v. Duncan*, 850 F.2d 1104, 1108 n. 4 (6th Cir. 1988)). The mere existence of multiple theories of liability or multiple factual predicates for violation of a statute, however, does not render an indictment duplicitous. *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997). "It is not duplicitous to allege in one count that multiple means have been used to commit a single offense." *Damrah*, 412 F.3d at 622. An

indictment under a statute which subjects alternative acts to the same punishment may charge any or all acts conjunctively without duplicity, and the government need only prove violation of one of the alleged acts to prove violation of the statute. *United States v. Hixon*, 987 F.2d 1261, 1265 (6th Cir. 1993).

Defendant contends that Counts 1 and 4 are improper because they plead several different theories in the alternative. *See United States v. Klein*, 850 F.2d 404, 406 (8th Cir. 1988) (noting that federal pleading requires that an indictment charge in the conjunctive to inform the accused fully of the charges). The government contends that the Sixth Circuit has not adopted the Eighth Circuit's strict requirement that federal indictments charge in the conjunctive. *See United States v. Murph,* 707 F.2d 895, 896 (6th Cir. 1983) ("It is settled law that an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively."). In any event, the disjunctive pleading in Counts 1 and 4 of the First Superseding Indictment does not appear in the Second Superseding Indictment. The references to threats or schemes is no longer found in Count 1, which now only references the threatened abuse of law and the legal process. The word "or" in Count 4 has been replaced with the word "and."

Defendant contends that the reference to "aggravated sexual abuse and attempted aggravated sexual abuse" in Counts 1-3 is duplicitous because its alleges multiple crimes in one count. In each of these counts the government has appropriately alleged multiple means used to commit the charged offense. As noted above, the mere existence of multiple theories

9

of liability or multiple factual predicates for violation of a statute does not render an indictment duplicitous. *Washington*, 127 F.3d at 513. Counts 1-3 are not duplicitous.

**C. Vagueness**

Defendant contends that Counts 1-3 must also be dismissed to the extent they allege offenses punishable by life imprisonment because they are void for vagueness.

The statutes that Defendant is charged with violating in Counts 1-3 all provide that "if the violation includes . . . aggravated sexual abuse or the attempt to commit aggravated sexual abuse . . . the defendant shall be fined under this title or imprisoned for any term of years or life, or both." 18 U.S.C. §§ 1584, 1589 & 1590. Defendant notes that although aggravated sexual abuse is an element of the offense under each of these statutes, none of these statutes defines aggravated sexual abuse. Although the indictment cites to 18 U.S.C. §§ 2241(b)(1) and 2246(2)(A), which contain definitions of aggravated sexual abuse, the statutes Defendant is charged with violating (18 U.S.C. §§ 1584, 1589 and 1590) do not incorporate these statutory definitions by reference. Neither has Congress provided a definition of "aggravated sexual abuse" that applies to all of Title 18, or that applies to Chapter 77, the chapter of Title 18 that covers trafficking in persons.

According to Defendant, the term "aggravated sexual abuse" is a technical statutory term of art without a common, everyday meaning. Thus, Defendant contends that Congress' failure to provide a definition of this critical element of the offense, particularly where this element is used to support a punishment of life imprisonment, requires dismissal of Counts

10

1-3 to the extent that they allege that Defendant's conduct included "aggravated sexual abuse and attempted aggravated sexual abuse."

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). *See also United States v. Gibson*, 409 F.3d 325, 334 (6th Cir. 2005) ("[T]o be facially valid, a criminal standard must 'define the proscribed behavior with sufficient particularity to provide a person of ordinary intelligence with reasonable notice of prohibited conduct and to encourage non-arbitrary enforcement of the provision.'"). "When the common meaning of a word provides adequate notice of the prohibited conduct, the statute's failure to define the term will not render the statute void for vagueness." *United States v. Namey*, 364 F.3d 843, 844-45 (6th Cir. 2004).

Congress could have incorporated a reference to the definition of sexual abuse from 18 U.S.C. §§ 2241-44, into the human trafficking statutes, as it did in the Carjacking Correction Act of 1996. *See Ramirez-Burgos v. United States*, 313 F.3d 23, 30 n. 8 (1st Cir. 2002) (noting that "Congress amended § 2119(2) to make clear that the definition of 'serious bodily harm' includes sexual abuse, as defined in 18 U.S.C. §§ 2241 and 2242 that occurs during the course of the carjacking."). However, "[t]he fact that Congress might, without difficulty, have chosen '(c)learer and more precise language' equally capable of achieving the

11

end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague." *United States v. Powell*, 423 U.S. 87, 94 (1975).

It is not unusual for federal courts interpreting undefined terms in one federal statute to look to other federal statutes for guidance. For example, the Immigration and Nationality Act defines "aggravated felony" to include "sexual abuse of a minor," but does not interpret the term "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). In determining whether an alien's prior conviction involving a minor was a deportable "aggravated felony," courts have looked to other federal statutes for the definition of "sexual abuse of a minor." *See*, *e.g.*, *Gattem v. Gonzales*, 412 F.3d 758, 763-65 (7th Cir. 2005) (upholding BIA's selection of definition of sexual abuse of a minor from 18 U.S.C. § 3509(a)(8) for purposes of defining "sexual abuse of minor" in 8 U.S.C. § 1101(a)(43)(A)); *Emile v. INS*, 244 F.3d 183, 186 (1st Cir. 2001) (upholding INS' borrowing from 18 U.S.C. §§ 2241-44 for definition of "sexual abuse of minor" for purposes of 8 U.S.C. § 1101(a)(43)(A)).

The government maintains that the Sexual Abuse Act of 1986, 18 U.S.C. §§ 2241-48, which contains definitions of sexual abuse offenses, has conferred upon the term "aggravated sexual abuse" a "commonly accepted meaning" or an "established meaning" within the context of federal criminal law sufficient to provide a criminal defendant with adequate notice. This Court agrees. To the extent there is any ambiguity in the term "aggravated sexual abuse," it makes sense to look to the federal Sexual Abuse Act for a definition of the term as it is used in another federal criminal statute. The Court is satisfied that the term

12

"aggravated sexual abuse" provides a person of ordinary intelligence with reasonable notice of prohibited conduct and is sufficiently particularized in light of federal criminal statutes defining the term to insure that the provision is not enforced in an arbitrary manner.

The Court concludes that the absence of a definition for "aggravated sexual abuse" in the human trafficking statutes does not render the human trafficking statutes or their punishment provisions void for vagueness.  Because the Court is satisfied that Counts 1-3 survive Defendant's constitutional challenges, the Court finds that Defendant's challenges to Counts 4 and 8, which depend on his challenges to Counts 1-3, survive his challenges as well.  Accordingly, Defendant's motion to dismiss Counts 1-4 and Count 8 will be denied.

An order consistent with this opinion will be entered.


Date:   May 18, 2007          /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              CHIEF UNITED STATES DISTRICT JUDGE