UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FERMIN PEDRO RAMOS-RAMOS,
a/k/a Pedro Ramos, and LAURIE
ANN RAMOS,

      Defendants.
_____/

File No.  1:07-CR-08

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a motion to compel filed by Defendants Fermin Pedro Ramos-Ramos and Laurie Ann Ramos. Defendants request an order compelling the government to produce the alien file of the complainant, "Jane Doe."

The government acknowledges that the Jane Doe identified in the indictment is regarded as a "victim of a severe form of trafficking," that as such she is eligible for certain benefits and services pursuant to 22 U.S.C. § 7105, and that she has in fact received certain benefits as a result of her willingness to assist in the investigation and prosecution of human trafficking. *See* 22 U.S.C. § 7105(b)(1). The government further acknowledges that information regarding the benefits she has received constitutes exculpatory and/or impeachment evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The government has disclosed the general nature of the benefits

Jane Doe has received and has advised that nothing else in the alien file can be construed as *Brady/Giglio* material. The government opposes the disclosure of Jane Doe's complete alien file because the file is not subject to discovery under FED. R. CRIM. P. 16, and because the file contains Jane Doe's personal information, disclosure of which could create a risk to the safety of Jane Doe and her family.

Defendants have not cited any basis for an order compelling disclosure of Jane Doe's alien file other than *Brady* and *Giglio*. The Court has already ordered the government to turn over *Brady* material in the Standing Order Regarding Discovery in Criminal Cases (Administrative Order 06-085) incorporated into the Order Scheduling Progression of Case. (Docket # 6). "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). "If it fails to comply adequately with a discovery order requiring it to disclose Brady material, it acts at its own peril." *Id.* Because the government prosecutors are officers of the court, this Court takes them at their word when they advise the Court that the alien file does not contain additional material subject to compulsory disclosure under *Brady*. *See United States v. Carmichael*, 232 F.3d 510, 517 (6th Cir. 2000). The Court also expects that the government will err on the side of disclosure if it has any doubt about the exculpatory value of any evidence. *Schledwitz v. United States*, 169 F.3d 1003, 1014 n.4 (6th Cir. 1999) (citing *Kyles v. Whitney*, 514 U.S. 419, 439 (1995); *United States v. Agurs*, 427 U.S. 97, 108 (1976)).

In light of the Court's standing order regarding discovery and the government's representation that it has complied with its *Brady/Giglio* disclosure obligations, the Court observes no need for an order to compel. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to compel (Docket # 53) is **DENIED**.


Date:     May 31, 2007                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE